UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI,

     Plaintiff,

v.

PALMETTO OFFICE PARK, INC., a
Florida Corporation

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, PALMETTO OFFICE PARK, INC., a Florida Corporation (hereinafter "Defendant"), and as grounds allege:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

3.      Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age,

residing and domiciled in Florida, and is otherwise *sui juris.*

4.      At all times material, Defendant, PALMETTO OFFICE PARK, INC., was and is a Florida Corporation, with its principal place of business in Miami-Dade County, Florida with its principal place of business, agents and/or offices in Miami, Florida.

5.      At all times material, Defendant, PALMETTO OFFICE PARK, INC., owned a commercial plaza property and buildings registered located at 7801 Coral Way, Miami, Florida 33155 in Miami-Dade County under folio number 30-4010-000-0034.

6.      The commercial plaza property and buildings owned and operated by PALMETTO OFFICE PARK, INC. is comprised of at least five (5) buildings and whose listed street addresses of 7801 Coral Way, Miami, Florida 33155, 7805 Coral Way, Miami, Florida 33155, 7811 Coral Way, Miami, Florida 33155, 7815 Coral Way, Miami, Florida 33155, and 7821 Coral Way, Miami, Florida 33155.

7.      Venue is properly located in the Southern District of Florida because all of Defendant's property and buildings that are the subject of this Action, are located in Miami County, Florida, and Defendant regularly conducts business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in Miami, Florida at the real property and buildings mentioned above.

## FACTUAL ALLEGATIONS

8.      Although nearly twenty years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

9.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's property and the business therein.

10.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

11.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.   DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.   He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.   He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

12.     Defendant, owns and operates the property and buildings which are located in Miami, Florida that are the subject of this Action.   The subject property, buildings and the business located therein are open to the public, contain a myriad of different businesses that pay Defendant rent and are all located in Miami, Florida.

13.     The individual Plaintiff visits the property, buildings and tenant businesses regularly (including the related parking lots and common areas), to include visits to the property on or about September 8th, 2016 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property and business.   He, often visits the property and businesses, and plans to return within three (3) months of the filing of this Complaint to the property in order to avail himself of the goods and services offered to the public at the businesses, if the property and businesses becomes accessible.

14.     Plaintiff visited the property and businesses located within the real property as a patron/customer, and intends to return to the property in order to avail himself of the goods and services offered to the public at the property.   Plaintiff is domiciled near the property and businesses, in the same county and state as the property, has regularly frequented the Defendant's property for its intended purposes, and intends to return to the property within three (3) months' time.

15.     The Plaintiff found the property listed above that comprise the property and buildings to be rife with ADA violations.   The Plaintiff encountered architectural barriers at the subject property, buildings and the businesses being operated on them, and wishes to continue his patronage and use of each of the premises.

16.     The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that in violation of the ADA, at the properties.   The barriers to access at Defendant's property, buildings and their tenants businesses have each denied or diminished Plaintiff's ability to visit each of the properties and businesses and likewise endangered his safety.   The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

17.     Defendant owns, and operates, places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The places of public accommodation (the buildings and business property that is the subject of this Action for its violations of the ADA) that Defendant, PALMETTO OFFICE PARK, INC. , individually, owns and operates, are the real property and buildings referenced above and held out to the public collectively under the unregistered fictitious name of the "Palmetto Park."

18.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described real property, buildings and businesses, but not necessarily limited to the allegations in Paragraph 20 of this Complaint.   Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the real property and businesses open to the public in violation of the ADA. Plaintiff desires to visit the property not only to avail himself of the goods and services available at the property, but to also assure himself that these property, building and their tenants are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

**B.  Entrance Access and Path of Travel**

1. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between buildings at the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3.8, and 4.5.2 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

2. The Plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff had difficulty entering tenant spaces without assistance, as the door thresholds were too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff had difficulty entering tenant spaces without assistance, as the door hardware requires tight grasping and twisting of the wrist to operate. Violation: The restroom door has improper hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## II.   UNIT #120

### A. Access to Goods and Services

1. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 and 902 of the 2010 ADA Standards, whose resolution is readily achievable.

### B. Public Restrooms

1. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not use the lavatory without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not use the mirror, as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

5.   The Plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

6.   The Plaintiff could not transfer to the toilet without assistance, as the grab bars are missing. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

7.   The Plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

8.   The Plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall in violation of Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

21.   The discriminatory violations described in Paragraph 20 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requests an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and

timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the property and businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

22.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's buildings, the businesses and facilities therein; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

23.     Defendants has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

27.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property and buildings owned and operated by the Defendant, located in Miami, Florida, the interiors, exterior areas, and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit is and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable

alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: December 19th, 2016

GARCIA-MENOCAL & PEREZ, P.L.
Attorneys for Plaintiff
4937 S.W. 74th Court, No. 3
Miami, FL 33155
Telephone:  (305) 553-3464
Facsimile:  (305) 553-3031
Primary E-Mail:   ajperezlaw@gmail.com
Secondary E-Mails:ajperez@gmplaw.com,
   agmlaw@bellsouth.net and
   agarciamenocal@gmplaw.com

By: ___/s/ Anthony J. Perez_____
ANTHONY J. PEREZ
Florida Bar No.: 535451
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610